**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ **MAY 1 3 2010** ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------- X

SHAVAUGH D. DANIELY,

                              Plaintiff,     **COMPLAINT**

              -against-                      **10    2200**

THE CITY OF NEW YORK; DETECTIVE ALBERTO      ECF Case
PIZARRO, Shield # 4954; SUPERVISOR P.O.
JOHN DOE # 1; and JOHN/JANE DOES 1-10,       Jury Trial Demanded
the individual defendant(s) sued
individually and in their official           KORMAN, J.  GOLD,
capacities,

                              Defendants.

--------------------------------------- X

**PRELIMINARY STATEMENT**

        1.    This is a civil rights action in which plaintiff

seeks relief for the violation of plaintiff's rights secured by

42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth,

Sixth, and Fourteenth Amendments to the United States

Constitution.  The claims arise from an incident that occurred

on or about June 25, 2009.  During the incident the City of New

York, and members of the New York City Police Department

("NYPD") subjected plaintiff to, among other things, false

arrest, excessive force, unlawful search and seizure,

retaliation for free speech, conspiracy, and implementation and

continuation of an unlawful municipal policy, practice, and

custom.  Plaintiff seeks compensatory and punitive damages,

declaratory relief, an award of costs and attorney's fees,

pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

5.     Plaintiff Shavaugh Daniely is a resident of the State of New York, Kings County.

6.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

7.     Defendant Detective Alberto Pizarro is a New York City Police Officer, assigned Shield # 4954, employed with the Brooklyn North Narcotics Division located in Brooklyn, New York who violated plaintiff's rights as described herein.

2

8.    Defendant Supervisor P.O. John Doe # 1 is a New York City Police Officer employed with the Brooklyn North Narcotics Division located in Brooklyn, New York who violated plaintiff's rights as described herein.

9.    Defendants John/Jane Doe # 1-10 are New York City Police Officers employed with the Brooklyn North Narcotics Division located in Brooklyn, New York who violated plaintiff's rights as described herein.

10.    The individual defendants are sued in their individual and official capacities.

### STATEMENT OF FACTS

11.    On June 25, 2009, at and in the vicinity of 84 Carlton Avenue, Apt. # 3A, Brooklyn, New York ("the apartment"), and the 88th Precinct, Brooklyn, New York, several police officers operating from the Brooklyn North Narcotics Division, including upon information and belief, defendants Supervisor P.O. John Doe # 1, Det. Pizarro, and P.O. John/Jane Doe # 1-10, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiff.

12.    On June 25, 2009, plaintiff was a guest invited to stay at the apartment by the tenants.

13.    On June 25, 2009, at approximately 6:00 a.m., defendants Supervisor P.O. John Doe # 1, Det. Pizarro, and P.O. John/Jane Doe # 1-10, without consent, an arrest warrant, a

3

lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, unlawfully entered the apartment.

14. While entering the apartment, defendants Supervisor P.O. John Doe # 1, Det. Pizarro, and P.O. John/Jane Doe # 1-10 maliciously and unnecessarily broke the apartment door, and drew their firearms at plaintiff and the tenants.

15. Once the defendant officers entered the apartment, plaintiff was not free to disregard their questions, or walk way or leave the scene.

16. While inside the apartment, defendants Supervisor P.O. John Doe # 1, Det. Pizarro, and P.O. John/Jane Doe # 1-10, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime falsely arrested plaintiff and the tenants.

17. Upon information and belief, plaintiff and the tenants were not the subjects any search warrant.

18. The individual defendants knew that plaintiff was not a resident in the apartment, and was a guest who had been invited to stay overnight.

19. During the arrest of plaintiff, defendants Supervisor P.O. John Doe # 1, Det. Pizarro, and P.O. John/Jane Doe # 1-10 committed excessive force against plaintiff, by

4

maliciously, gratuitously, and unnecessarily pointing a firearm at plaintiff, grabbing plaintiff, and placing excessively tight handcuffs on plaintiff's wrists.  Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

20.  The individual defendant officers did not have an objectively reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, did not resist arrest, and the officers used force against plaintiff without informing plaintiff that she was being arrested or detained.

21.  Plaintiff was physically injured as a result of the excessive use of force, suffering numbness and marks to her wrists.

22.  Plaintiff complained to the individual defendants to that the handcuffs were too tight, but they refused to loosen them.

23.  Plaintiff complained to the individual defendants to that her arrest was illegal since they knew she had not committed a crime, but they continued to mistreat her.

24.  The individual defendants told the tenants and plaintiff that they were looking for "Shaheim Perry", an individual who was not in the apartment.

5

25.   The individual defendants told one tenant to telephone Perry, and tell him that her five-month-old daughter was sick, and to come to the apartment immediately.

26.   The individual defendants told the tenant that the team would not search the apartment if Perry came to the apartment.

27.   The tenant telephoned Perry and asked him to come over but he refused.

28.   The individual defendants told the tenant to tell Perry that if he did not come, the police would arrest the tenants and plaintiff, and cause the tenant to lose her apartment, her granddaughter, and her job as a cook at the Brooklyn Borough Community Day Care Center.

29.   The officers waited approximately one hour to see if Perry would come, but he did not.

30.   The tenants and plaintiff were taken to a van, which they sat in for approximately fifteen minutes, in pain from the tight handcuffs, before the officers drove them to the 88th Precinct.

31.   At the 88th Precinct, plaintiff was forced to use a restroom while a female officer stood watch with the door open, enabling others, including males, to look inside.

6

32. Thereafter, plaintiff was transferred to Brooklyn Central Booking where she was subjected to depraved, filthy, and inhumane conditions of confinement.

33. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

34. While plaintiff was incarcerated at the 88th Precinct and Central Booking awaiting arraignment, defendants Supervisor P.O. John Doe # 1, Det. Pizarro, and P.O. John/Jane Doe # 1-10, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed a crime; however, the District Attorney's Office declined to prosecute plaintiff, and plaintiff was released from Central Booking without being charged with any crime or violation.

35. Defendant Supervisor P.O. John Doe # 1 supervised defendants Det Det. Pizarro, and P.O. John/Jane Doe # 1-10 concerning above mentioned unlawful acts against plaintiff, and approved the unlawful acts against plaintiff.

36. The aforesaid events are not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claim, and complaints) that many of the NYPD's officers are insufficiently trained on the proper way to investigate an incident, determine if probable cause exists, use

7

force, search arrestees, and treat innocent and/or uninvolved

individuals who are found at an incident scene and/or

investigation location.

37. Defendant City of New York is further aware that

such improper training has often resulted in a deprivation of

civil rights.  Despite such notice, City of New York has failed

to take corrective action.  This failure caused the defendants

in the present case to injure plaintiff, violate the law, and

violate the plaintiff's rights.

38. Moreover, defendant City of New York was aware

prior to the incident that the individual defendants lacked the

objectivity, temperament, maturity, discretion, and disposition

to be employed.  Despite such notice, defendant has retained

these individuals, and failed to adequately train and supervise

them.

39. Further, defendant City of New York was aware

prior to the incident that the individual defendants (in

continuation of its illegal custom, practice and/or policy)

would stop and/or arrest innocent individuals, based on

pretexts, in order to meet productivity goals, in minority and

low income neighborhoods, such as occurred here.

40. At all times defendant City of New York, by the

NYPD, and its agents, servants and/or employees, carelessly,

8

negligently and recklessly trained the individual defendants for the position of police and/or correction officers.

41. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

42. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

43. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

44. The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the defendant City of New York and its agents, servants and/or employees, as set forth above, without provocation on the part

9

of the plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

45.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

46.   Plaintiff did not resist arrest at any time during the above incidents.

47.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

48.   The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

49.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

10

50.  Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his/her rights.

51.  As a direct and proximate result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

52.  The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

### FIRST CLAIM

### (FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

53.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54.  Defendants falsely arrested plaintiff without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime.

11

55.   Accordingly, defendants are liable to plaintiff under for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (EXCESSIVE FORCE UNDER FEDERAL LAW)

56.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57.   The individual defendants use of force upon plaintiff, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiff pain and injury.

58.   Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## THIRD CLAIM

### (VIOLATING PLAINTIFF'S RIGHT TO FREE SPEECH UNDER FEDERAL LAW)

59.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60.   Plaintiff exercised free speech during the incident by, among other things, telling the individual defendants that he/she had not committed a crime, and that the officers were mistreating plaintiff.

61.  Plaintiff's use of free speech was a motivating factor in the individual defendants' decision to arrest, and prosecute her.  Accordingly, defendants are liable to plaintiff under the First Amendment to the United States Constitution for violating plaintiff's right to free speech.

## FOURTH CLAIM

### (FAILURE TO SUPERVISE)

62.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.  The supervisor defendants are liable to plaintiff because they supervised the subordinate individual defendants concerning above-mentioned unlawful acts against plaintiff, and approved their unlawful actions.

## FIFTH CLAIM

### (DENIAL OF THE SIXTH AMENDMENT RIGHT TO A FAIR TRIAL)

64.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

65.  Defendants are liable to plaintiff because they created false information likely to influence a jury's decision and forwards that information to prosecutors, violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under the Sixth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

13

## SIXTH CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

66.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67.   Defendants are liable to plaintiff because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiff.

## SEVENTH CLAIM

### (42 U.S.C. § 1985 CONSPIRACY)

68.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

69.   The individual defendants arrested plaintiff in continuation of the City of New York's custom, practice and/or policy of stopping and/or arresting individuals based on pretexts in order to meet productivity goals in minority and low-income neighborhoods.

70.   Defendants are liable to plaintiff because they conspired against plaintiff based on racial or other invidiously discriminatory animus for the purpose of depriving plaintiff of equal protection of the privileges and immunities under the law, and committed an act in furtherance of the conspiracy, which injured plaintiff.

14

## EIGHTH CLAIM

### (FEDERAL MONELL CLAIM AGAINST THE CITY OF NEW YORK)

71.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

72.   The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

73.   Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

74.   Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.   The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them.   Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the individual defendants.

75.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on

15

pretexts, in order to meet productivity goals, in minority and low-income neighborhoods.

76.   In addition, the following are City policies, practices and customs:

(a)   arresting innocent individuals, basis on a pretext, in order to meet productivity goals;

(b)   fabricating evidence against individuals;

(c)   using excessive force against individuals;

(d)   retaliating against individuals who engage in free speech;

(e) unlawfully entering and searching homes and being unnecessarily destructive.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

       d.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     New York, New York
             May 12, 2010

                                     MICHAEL HUESTON, ESQ.
                                     *Attorney for Plaintiff*
                                     350 Fifth Avenue, Suite 4810
                                     New York, New York 10118
                                     (212) 643-2900
                                     mhueston@nyc.rr.com
                                     By:

                                     MICHAEL O. HUESTON

17